IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,    )
                             )   2:08-cr-0190-GEB
            Plaintiff,       )
                             )   ORDER
      v.                     )
                             )
MARGARITO ALBERTE,           )
                             )
            Defendant.       )
_____)

Court-appointed defense counsel Michael Chastaine ("Counsel") has submitted a letter dated March 1, 2009, in which he seeks reconsideration of the portion of a non-docketed Order I issued February 26, 2009; the Order denied Counsel's request for attorney's fees for time he spent working on Alberte's state case. The pertinent part of the Order follows:

> Counsel indicates in his cover letter submitted with the voucher that the voucher includes billing for what Counsel did "in an unrelated state criminal action out of Yolo County." Some of the billing for this unrelated state criminal action has not been shown appropriate under the CJA.
>
> The CJA at 18 U.S.C. § 3006A(d)(l) provides that an appointed attorney shall be compensated for time expended in court and for time "reasonably expended out of court" and shall be reimbursed "for expenses reasonably incurred." Counsel has not shown he was authorized to perform the following services for which

1

|   |   |
|---|---|
| 1 | he seeks fees:  4/22/08 Arraignment-Yolo County 3.0; 5/20/08 Court appearance Yolo Ct 2.5. |
| 2 | |
| 3 | Further, Counsel has not shown that the entry dated 4/11/08 for 4.8 hours (Arraignment, review complaint initial meeting w/client, review discovery) concerns this federal action since at the time of this review Defendant was <u>indicted</u> in the federal action.  Nor, has Counsel provided justification for the following services he provided to Defendant's family (the serv[ices] have not been shown necessary in representing defendant, and it appears the services may have been provided to Defendant in connection with the "unrelated state criminal action"[)]: 4/15/08 T/C from family .2; 7/7/08 T/C to family, T/C to Yolo DA .4; 7/11/08 meeting with family 1.0; 8/15/08 review suppression mtn filed by co ∆ in Yolo case .4; and, 8/18/08 T/C to Yolo DA, T/C to family .3. |

Counsel explains in his March 1 reconsideration letter that a magistrate judge authorized his services on behalf of Alberte in the state proceedings under the CJA.  Counsel attached the authorization he received from a magistrate judge to his reconsideration letter; that authorization is attached to this Order.  Counsel further states in his March 1 reconsideration letter:

> My ability to work on Mr. Alberte's state case was necessary and essential to my ability to resolve the federal court action.  Mr. Albert[e] was in a difficult position in that the State court refused to appoint counsel because Mr. Albert[e] was not present before that Court.  Mr. Albert[e] was unable to be present because the Marshals would not transport him to Yolo County.  The only way to obtain discovery and engage the District Attorney in some level of negatiations (sic) was to be appointed to assist.  While ultimately we were unable to resolve the case in Yolo County, the fact that counsel was appointed, reviewed the discovery and had engaged the Yolo County District Attorney in settlement talks put Mr. Alberte in a state of mind where he was willing to resolve the Federal case.

I disagree with the magistrate judge's decision authorizing Counsel to represent Alberte in the un-related state action, and find Counsel was wrong when he told the magistrate judge in the attached

authorization letter that the state action was "ancillary" to the federal action. It is clear that the state action was not "ancillary" to the federal action.

Congress did not intend for federal CJA resources to be used for the type of representation Counsel provided Alberte in the Yolo County state action. Alberte was not entitled to "the assistance of a federally-appointed lawyer" in that state action since he was not "pursuing 'ancillary matters' as those terms are used in [18 U.S.C. §] 3006A." In re Lindsey, 875 F.2d 1502, 1507-08 (11th Cir. 1989) ("We conclude . . . this section [does not] entitle[] Lindsey to the assistance of a federally-appointed lawyer . . . in state court [since] Lindsey [was not] pursuing 'ancillary matters' as those terms are used in section 3006A."); cf. House v. Bell, 332 F.3d 997, 998-99 (6th Cir. 2003) ("We agree with our sister circuits that Section 848(q)(4)(B) must be construed narrowly and agree with their conclusion that the statute does not authorize federal compensation for representation in state proceedings.").

"In determining whether a matter is ancillary to the proceedings, the court should consider whether the matter, or the issues of law or fact in the matter, arose from, or are the same as or closely related to, the facts and circumstances surrounding the principal [federal] criminal charge." Guidelines for the Administration of the Criminal Justice Act and Related Statutes, § 2.01 F(5). The principal federal criminal charges for which Alberte was indicted are conspiracy to distribute cocaine and possession of cocaine with the intent to distribute it. Counsel's authorization letter, however, reveals Alberte was charged in the state action with possession of a loaded stolen firearm, a gang enhancement, and driving

3

under the influence of an intoxicant.  These state charges "are not the same as or closely related to, the facts and circumstances surrounding" the federal drug charges against Alberte; and therefore are not ancillary to his "principal federal criminal charge[s]."

Counsel indicates he had to be authorized under the CJA to represent Alberte in the state action since "Albert[e] was unable to be present [before the state court] because the Marshals would not transport him to Yolo County."  Irrespective of whether or not the United States Marshal refused to transport Alberte to state court, Counsel has not shown his non-ancillary service on Alberte's behalf in the state action is compensatory under the CJA.  Nor does Counsel's explanation that his work on Alberte's state action "put [] Alberte in a state of mind where he was willing to resolve the Federal action," justify counsel being compensated under the CJA.  Notwithstanding any psychological benefit Alberte received from that representation, since Counsel ultimately represented Alberte on non-compensatible "state law issues and [in purely state] proceedings," Counsel's reconsideration request is denied. Hill v. Lockhart, 992 F.2d 801, 803-04 (8th Cir. 1993).

Dated:  March 17, 2009

_____
GARLAND E. BURRELL, JR.
United States District Judge

4